**In re JE.A., J.A., Appellant.**

**No. 00–FS–529.**

District of Columbia Court of Appeals.

Argued Nov. 8, 2001.

Decided Jan. 11, 2002.*

---

* The opinion in this case was originally issued in the form of an unpublished Memorandum Opinion and Judgment. It is now being published at the request of the Corporation Counsel.

Pamela H. Roth for appellant.

George Tilton, guardian ad litem, for Je.A.

Robert R. Rigsby, Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and Sheila Kaplan, Assistant Corporation Counsel, filed a statement in lieu of brief on behalf of Je.A.

Gary Jacobs filed a statement in lieu of brief on behalf of Je.A.

Before WAGNER, Chief Judge, and TERRY and FARRELL, Associate Judges.

PER CURIAM:

The Superior Court found the child Je.A. to have been neglected within the meaning of D.C.Code § 16–2301(9)(A) (2001) (neglected child includes one "who has been abandoned . . . by his or her parent"). On appeal, the mother (J.A.) contends that (a) the evidence was insufficient to support a finding of abandonment; (b) the trial judge erroneously excluded relevant testimony; and (c) the judge abused his discretion in denying appellant's motion to set aside the neglect determination to permit testimony by the mother, who had been absent from the evidentiary hearing. We affirm.

## I.

As indicated, the government petitioned for a finding of neglect based on abandonment within the meaning of section 16–2301(9)(A). After an evidentiary hearing, the trial judge found, in essence, that "[f]or over a year and a half, [appellant had] made no effort to assume any parental responsibility [for] or establish any parental relationship with [Je.A.]." D.C.Code § 16–2316(d)(1)(C) provides that an inference of neglect may be drawn if, "for a period of at least four (4) months," the child's parent, guardian, or other custodian "has abandoned the child in that he or she has made no reasonable effort to maintain a parental relationship with the child." The trial judge had an ample evidentiary basis on which to draw the inference in this case.[1] Indeed, he did not have to rely on the statutory inference at all, because the evidence firmly supported his findings that:

(a) appellant had "made no effort to maintain or initiate a parental relationship with [Je.A.] between June of 1998 and the date of the hearing [January 24, 2000]";

(b) "[s]ince June of 1998, [appellant] has done nothing directly or indirectly to participate in the care and upbringing of [Je.A.]"; and

(c) appellant had likewise "taken no action to provide for the physical and emotional needs of [Je.A.]" during that period.

In attacking these findings, appellant argues that the judge gave inadequate consideration to what she contends were efforts by the court-ordered custodian, her

---

1. In reviewing a neglect determination, this court must view the evidence in the light most favorable to the judge's decision and may not disturb it except for errors of law or unless it was plainly wrong or without evidence to support it. *In re C.C.J.*, 777 A.2d 265, 268 (D.C.2001). As we stated in *C.C.J.*, "Deference is due to the trial judge's determination of . . . neglect and we will not 'second-guess the trial judge on a very difficult call.'" *Id.* at 269 (citation omitted).

brother, to impede appellant's access to the child. But the judge did not find, nor was there evidence, that the custodian acted improperly in insisting that visits between appellant and the child be approved by the Family Division's social worker. By an October 8, 1998 order of the court, the child had been placed in the custody of the brother with provision for regular *supervised* visitation. The record demonstrates that the brother was willing, and made efforts, to facilitate meetings between appellant and the social worker designed to allow supervised visitation, but that appellant ignored those opportunities.

■ Appellant contends more broadly that the evidence failed to show an *intent* on her part to abandon the child. She cites authority from other jurisdictions defining "abandonment" as the "voluntary and intentional relinquishment of custody of the child with the intent to never again claim the rights and duties of a parent." *See In re Adoption of Baby Boy W.*, 701 S.W.2d 534, 543 (Mo.App.1985). But, as section 16–2316(d)(1)(C) makes clear, the test of abandonment under this jurisdiction's neglect statute is an objective one, asking whether the parent "has made ... reasonable effort[s] to maintain a parental relationship." Indeed, section 16–2316(d)(2) emphasizes that "[i]t shall not be necessary to prove that the parent, guardian or custodian intended to abandon the child" before the statutory inference of abandonment, and thus neglect, may be drawn. *Cf. In re Dom.L.S.*, 722 A.2d 343, 347 (D.C.1998) ("An adjudication of neglect focuses on the misconduct of the parent in relationship to the child's welfare."). The evidence supports the trial judge's finding that for well over a year before the hearing appellant had taken no significant

steps to maintain a parental relationship with the child.

## II.

■ Appellant argues that the judge erroneously sustained objection on relevance grounds to questioning of her brother (the custodian) about her family's pattern of placing children with family members to co-rear their offspring. The argument is that such testimony would have shed light on appellant's intent not to abandon Je.A. in allowing the child to remain in the brother's custody. A ruling on the relevance of evidence rests within the sound discretion of the trial court, and will not be disturbed absent a showing of an abuse of discretion. *See, e.g., Jones v. Prudential Ins. Co.*, 388 A.2d 476, 482 (D.C.1978). We find no abuse of that discretion. During the time in question, appellant's child was placed in the brother's custody as a result of a court order, not because of a "co-rearing" arrangement between family members. In any case, as we have seen, appellant's intent—her reasons for acquiescing in placement of the child in the brother's custody—counted far less than the objective evidence credited by the judge that for a prolonged period of time she had made no effort to participate, directly or indirectly, in the care and upbringing of Je.A.

## III.

■ Finally, although conceding that the trial judge properly went ahead with the neglect hearing in appellant's absence,[2] appellant contends the judge erroneously denied her later motion to set aside the determination when counsel finally located her and proffered testimony she would

---

**2.** Appellant was served by constructive notice, *see* Super. Ct. Neg. R. 7(g)(3) (2001), after repeated unsuccessful efforts had been made to serve her personally or by substituted service.

have offered against a finding of abandonment. Although D.C.Code § 16–2324(3) permits the court to set aside a neglect determination if "newly discovered evidence so requires," the judge found that appellant's proffered testimony, even if credited, added nothing significant to the record of her contacts with the child and the pattern of "her failure to take any action to regain custody or even a relationship with [Je.A.]." Applying the customary abuse of discretion standard to the judge's conclusion that re-opening was not "required," we find no such abuse.

*Affirmed.*